## SLINGERLAND *v.* KEYSER.

TRIAL—REQUESTS TO CHARGE—INAPPLICABILITY.

Where the question at issue was whether a condition in a receipt for a down payment on chattels was inserted before or after its execution, and it appeared that the receipt was drawn for the parties by K., and there was no evidence to show that he did not deal fairly by both parties, it was not error to refuse to instruct the jury that they must be satisfied that both parties were fairly dealt with.

Error to St. Clair; Vance, J. Submitted January 9, 1901. Decided June 4, 1901.

*Assumpsit* by William W. Slingerland and Joseph M. Bradley against Wilhelmina Keyser to recover a down payment on a contract of sale afterwards repudiated by defendant. From a judgment for plaintiffs, defendant brings error. Affirmed.

*James L. Coe* and *E. C. Babcock*, for appellant.

*Avery Bros. & Walsh*, for appellees.

LONG, J. Plaintiffs agreed to purchase of the defendant certain household goods and other property used in keeping a hotel. They paid defendant $25 to bind the bargain, and she gave a receipt for that amount, stating the purchase price, the amount to be paid down, and the balance "to be secured by chattel mortgage back on stock and furniture." Defendant refused to carry out the agreement, and plaintiffs instituted this suit to recover the $25. The defense was (1) that the words, "to be secured by chattel mortgage back on stock and furniture," were written in the receipt after it was signed by the defendant, and without her knowledge; (2) that that agreement had been supplanted by another. The case was submitted to the jury, who found a verdict for the plaintiffs.

The court very fully and fairly stated the theories of both parties to the jury, and left the questions of fact to them.

The first error assigned is that the court erred in leaving to the jury the question whether the words above quoted were written in the receipt before or after it was signed, upon the ground that there was no conflict of testimony. There was a fair conflict of evidence upon this point.   One Schoolcraft, a witness for the plaintiffs, testified that he saw the receipt before it was signed, and was sure that it contained these words.

Error is assigned upon the refusal of the court to instruct the jury: "The testimony in this case shows that Bradley swore that Knapp was acting for plaintiffs and defendant in this same matter, and you must be satisfied that both parties have been fairly dealt with."   There was no occasion in this case for such instruction, as there is no testimony in the record tending to show that Knapp, who drew the receipt, did not deal fairly with both parties.

Some other questions of minor importance are raised, but we find no error in them.

Judgment affirmed.

The other Justices concurred.